Death Opinion










IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. AP-75,276






EX PARTE JOSE ABRAHAM MARTINEZ, Applicant






APPLICATION FOR WRIT OF HABEAS CORPUS FROM CASE


W03-35285-W OF THE 363RD JUDICIAL DISTRICT COURT OF


DALLAS COUNTY






 Per curiam.



 The applicant pleaded nolo contendere to a charge of driving while intoxicated, a felony
offense of the third degree. The trial court said it would assess a punishment of three years in
prison or, if the applicant preferred, a sentence of ten years in prison for which the applicant
could request "shock probation." (See Code of Criminal Procedure article 42.12, section 6, which
extends the trial court's jurisdiction to grant probation for 180 days from the date the execution
of the sentence actually begins.) The court said that if it granted shock probation after 180 days
of imprisonment, it would impose a condition of confinement in a substance-abuse facility for
another 180 days. The applicant preferred the ten-year sentence with the possibility of probation,
and the court sentenced him accordingly.

 Defense counsel neither withdrew from representing the applicant nor filed a motion for
probation, and the 180-day period of extended jurisdiction expired. The applicant claims, and the
judge of the convicting court has found, that he was denied the effective assistance of counsel.
We agree.

 The district judge has recommended that this court give the applicant relief in the form of
an out-of-time hearing in the district court for a decision whether to suspend the execution of the
rest of the ten-year sentence and to place the applicant on probation. We think that other relief is
required.

 The value of the sentencing options that the district court gave the applicant may have
changed significantly now that he has served more than nine months of his sentence. The
applicant's choice of the ten-year sentence was based, at least in part, on the reasonable expectation that he would be considered for probation no later than 180 days after the execution of his
sentence actually began. The relief must include being freed from the consequences of the
decision to accept the ten-year sentence.

 Therefore this court grants habeas corpus relief from the ten-year-imprisonment portion
of the judgment and sentence that were entered by the convicting court. The applicant is
remanded to the custody of the Sheriff of Dallas County so that the district court may conduct a
new punishment hearing and other proceedings consistent with this opinion.


En banc.

Filed .October 26, 2005

Do Not Publish.